1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DATANET LLC,

                    Plaintiff,

        v.

MICROSOFT CORPORATION,

                    Defendant.

CASE NO. 2:22-cv-1545

ORDER ON DEFENDANT'S MOTION
TO STAY PENDING *INTER PARTES*
REVIEW AND MOTIONS FOR LEAVE
TO AMEND INVALIDITY
CONTENTIONS AND AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS

## 1.    INTRODUCTION

Before the Court are three separate but ultimately related motions:

Defendant Microsoft Corporation moves to stay the case pending *inter partes* review

(Dkt. No. 45), and for leave to amend its invalidity contentions (Dkt. No. 47) and

affirmative defenses and counterclaims (Dkt. No. 56). Having reviewed the papers

submitted in support of and opposition to the motions, as well as the relevant

record, the Court rules as stated below.

## 2.    BACKGROUND

Datanet alleges Microsoft's hosting/backup software, Microsoft OneDrive,

infringes on its three patents: Patent Numbers 8,473,478 ("'478 Patent"), 9,218,348

ORDER - 1

("'348 Patent"), and 10,585,850 ("'850 Patent") (collectively, "Asserted Patents").

Dkt. No. 1 at 1-2. Specifically, Datanet alleges infringement of claims 1, 2, 3, 5, 6, 8,

9, 10, and 11 of Patent '478; claims 1, 3, 4, 5, 6, 8, 10-20, 23-31 of Patent '348; and

claims 1-21 of Patent '850. *Id.* at 8, 16, 23.

Each of the Asserted Patents is titled "Automatic Real-Time File

Management Method and Apparatus." *Id.* at 31, 44, 59. At a high level, the Asserted

Patents describe "systems and techniques for archiving and restoring files." *Id.* at 3.

Datanet acquired the Asserted Patents from a software company called IPCI in

2018, but neither IPCI nor Datanet marketed or sold a finished product that

practiced the Asserted Patents. *Id.* at 2-3.

On October 31, 2023, Microsoft petitioned the Patent Trial and Appeal Board

(PTAB) for *inter partes* review of claims 1 through 21 of Patent '850 (Dkt. No. 45-1

at 12), claims 1 through 6 and 8 through 11 of Patent '478, (Dkt. No. 45-2 at 11),

and claims 1 through 6, 8 through 20, and 23 through 31 of Patent '348 (Dkt. No.

45-3 at 13). Across the three patents, Microsoft seeks to invalidate 53 of the 54

claims Datanet alleges Microsoft infringed upon.

In the meantime, the parties have continued to litigate this case. Microsoft

seeks leave to amend its invalidity contentions and its affirmative defenses and

counterclaims for the same reason; namely: On August 28, 2023, seven months after

Microsoft filed its answer and one month after it served its invalidity contentions,

the Federal Circuit issued its opinion *in In re: Cellect, LLC*, 81 F.4th 1216 (Fed. Cir.

2023). Microsoft argues that the Federal Circuit, for the first time, decided that a

later-filed, later-issued patent that expires before an earlier-filed, earlier-issued

ORDER - 2

1   patent due to a term extension under Section 154(b) (Patent Term Adjustment or

2   "PTA"), can be used as an obviousness-double patenting (ODP) reference against the

3   later-expiring patent. Dkt. No. 47 at 7; *see also In re: Cellect, LLC*, 81 F.4th at 1227

4   ("For the first time, here, we address how another statutorily authorized extension,

5   PTA, interacts with ODP."). Because *In re: Cellect* held that "that ODP for a patent

6   that has received PTA, regardless whether or not a terminal disclaimer is required

7   or has been filed, must be based on the expiration date of the patent after PTA has

8   been added[,]" Microsoft claims it has a new defense—the claims of Patent '478 are

9   invalid under the ODP doctrine because "it is related to and has overlapping subject

10  matter with the expired" Patent '348. Dkt. No. 57-1 at 45.

11      The technology tutorial is scheduled for February 6, 2024, and a *Markman*

12  hearing is set to follow on March 12, 2024. Dkt. No. 63.

13                          **3.   DISCUSSION**

14  **3.1   Legal Standards.**

15      District courts have inherent power to manage their dockets and discretion to

16  stay proceedings pending the conclusion of *inter partes* review. *Ethicon, Inc. v.

17  Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). "To determine whether to grant

18  such a stay, the court considers (1) whether a stay will simplify the court

19  proceedings; (2) the stage of the case; and (3) whether a stay will unduly prejudice

20  or present a clear tactical disadvantage to the non-moving party." *WAG Acquisition,

21  LLC v. Amazon.com, Inc.*, No. C22-1424JLR, 2023 WL 1991888, at *1 (W.D. Wash.

22

23

Feb. 14, 2023) (citing *Pac. Bioscience Lab'ys, Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011)).

A motion to amend invalidity claims *and* the pleadings implicates both Federal Rule of Civil Procedure 15 and Local Patent Rule 124. There is a tension between the rules, however, as Rule 15 counsels that leave to amend the pleadings should be freely given when justice so requires, while Local Patent Rule 124 is "decidedly conservative," allowing amendment of invalidity contentions only upon a showing of good cause and leave of court. *REC Software USA v. Bamboo Solutions Corp.*, No. C11-0554JLR, 2012 WL 3527891, at *2 (W.D. Wash. Aug. 15, 2012) (quoting *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)).

The Honorable James L. Robart analyzed the differences between the two standards in *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 649-50 (W.D. Wash. 2015). This Court is persuaded by his analysis and concludes similarly that Rule 15 governs when the two standards converge. Thus, the Court will analyze the motions under the traditional Rule 15 factors: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment,' and (5) whether the pleadings have previously been amended." *Id.* (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990)). Courts need not consider every factor, but the third factor—prejudice to the opposing party—is the "'touchstone of the inquiry under rule 15(a).'" *Id.* (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003)).

ORDER - 4

**3.2    Because the PTAB has not decided whether it will institute *inter partes* review, it's not clear that a stay will simplify the issues in question.**

At this point, Microsoft's IPR petition remains pending before the PTAB. Once a party petitions for IPR, the PTAB has six months to decide whether it will grant the requested review. *See* 35 U.S.C. § 313; 35 U.S.C. § 314; 37 C.F.R. § 42.107. Because Microsoft filed its IPR petition on October 31, 2023, the PTAB will likely decide whether it will institute review by the end of April 2024.

The utility of an *inter partes* review is obvious: it has the potential to greatly streamline or obviate the case, and regardless of the outcome, the PTAB's analysis is beneficial to claim construction. *See WAG Acquisition, LLC*, 2023 WL 1991888, at *2 (finding, without a stay, "there is a substantial risk that both the court and the parties will needlessly expend valuable resources in determining the validity of patent claims that are ultimately cancelled or amended by the USPTO.") (internal quotations omitted); *Pac. Bioscience Lab'ys, Inc.*, 760 F. Supp. 2d at1065 ("Even if some or all of the claims are confirmed, the court would still have the benefit of the USPTO's analysis of the disputed claim terms in ruling on claim construction."); *Neodron, Ltd. V. Lenovo Grp.*, Ltd., No. 19-CV-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020) ("[D]efendants would be bound by the estoppel provisions for *inter partes* review and thus could not raise before this Court any arguments it raised, or reasonably could have raised, at the PTO in its petitions.").

But courts in this District are split when it comes to staying a case before the PTAB decides whether it will institute *inter partes* review. *Compare Nat'l Prod. Inc. v. Innovative Intelligent Prod., LLC*, No. 20-cv-428, 2021 WL 2636101, at *2 (W.D.

Wash. June 25, 2021) (denying motion to stay, finding "[t]he Court cannot conclude

that a stay will simplify the issues before it because the PTAB has not yet decided

whether it will even institute *inter partes* review on any grounds raised by [the]

[d]efendant in any of its petitions.") *with WAG Acquisition, LLC*, 2023 WL 1991888,

at *2 (granting motion to stay, concluding "[b]ased on the 2022 fiscal year statistics

regarding the rate at which the PTAB institutes IPR proceedings and invalidates

claims, the court finds that it is likely that the PTAB will institute IPR proceedings.

. . .").

       Courts granting a motion to stay before the PTAB has instituted review tend

to focus on U.S. Patent and Trademark Office statistics showing the PTAB is likely

to institute review, and for the IPRs that proceed to a final written decision, likely

to determine that the claims at issue are unpatentable. *See* Dkt. No. 51 at 6 (citing

*SRC Labs, LLC v. Microsoft Corp.*, No. C18-0321JLR, 2018 WL 6065635, at *3

(W.D. Wash. Nov. 20, 2018); *WAG Acquisition, LLC*, 2023 WL 1991888, at *3. While

courts in the other camp hold that it is simply premature to stay a case before the

PTAB has instituted review. *See ThroughPuter, Inc. v. Microsoft Corp.,* No. 2:22-CV-

344-BJR, 2022 WL 2498754, at *1 (W.D. Wash. June 1, 2022) ("Courts routinely

hold that motions to stay filed before the PTAB has instituted IPR are premature,

and that granting a stay at that juncture will not simplify the issues.").

       This Court will not attempt to reconcile the divergent views and will focus

instead on the circumstances of this case: at this stage in the proceedings, the

parties have engaged in discovery and filed claim construction briefs, but the

*Markman* hearing has yet to occur and trial is still nine months away; and whether

ORDER - 6

1
2
3
4
5
6
7
8
9

the PTAB will accept review should be known within the next two months. Thus, to conserve judicial and party resources pending the PTAB's decision about instituting review, the Court strikes the upcoming *Markman* hearing (and the related technology tutorial) and the expert witness disclosure deadline. *See RealD Spark LLC v. Microsoft Corp.*, No. 2:22-CV-00942-TL, 2023 WL 5836459, at *1 (W.D. Wash. Aug. 25, 2023) (renoting *Markman* hearing "for a date following an expected decision from the PTAB on Defendant's IPR petition."). But the Court declines to stay the case so that the parties may focus on the other aspects of the Court's order. *See infra* Section 3.3.

10
11
12
13
14

If the PTAB institutes review, then Microsoft may renew its motion to stay at that time. Because the Court adopts this approach rather than staying all proceedings, it need not analyze the other factors courts typically consider when deciding whether to stay litigation (i.e., the stage of the litigation and prejudice to the opposing party).

15

**3.3   All five Rule 15 factors favor granting Microsoft leave to amend.**

16

**3.3.1      Microsoft has not operated in bad faith or with undue delay.**

17
18
19
20
21
22
23

In the context of a motion for leave to amend, courts first consider "bad faith"—whether the moving party "act[ed] with intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). "In evaluating undue delay, court[s] inquire into 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *Alzheimer's Inst. Of Am. V. Elan Corp. PLC*,

274 F.R.D. 272, 277 (N.D. Cal. 2011) (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 953 (9th Cir.2006)).

There is no evidence in the record to suggest that Microsoft has acted with an impermissible motive, and Datanet does not raise a bad-faith argument. Instead, Datanet argues "Microsoft had all the law and all the facts it needed to raise this affirmative defense nearly one year ago, and to raise this issue as an invalidity contention" and "[a]llowing Microsoft to go back in time to get a do-over—nearly one year since its Answer and over five months since its contentions were due—would be prejudicial to Datanet." Dkt. No. 62 at 7.

Datanet's argument rests on its claim that *In re: Cellect, LLC* does not represent an intervening change in law, as it, in Datanet's words, merely "addressed whether Patent Term Adjustments would be treated differently and somehow be exempt from the general rule established in [*Gilead Scis., Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1216-17 (Fed. Cir. 2014)]." *Id.* at 8. According to Datanet, the Federal Circuit did not change the law but decided it would continue to apply *Gilead*. *Id.* Datanet also argues the language used by the Federal Circuit indicates it did not view its holding as a change in the law; rather, it stated, "[o]ur case law and the statutory language dictate an outcome where ODP analysis must be performed on patents that have received PTA based on the expiration date including PTA." *Id.* (quoting *In re: Cellect*, 81 F.4th at 1227-28).

Datanet's arguments, however, are ultimately unconvincing. *Gilead* did not involve patents with PTA extensions. And on this inquiry, Datanet neglects perhaps the most important language from the *In re: Cellect* opinion—"*For the first time,*

ORDER - 8

here, we address how another statutorily authorized extension, PTA, interacts with ODP." 81 F.4th at 1227 (emphasis added). The Court gives great weight to the Federal Circuits own pronouncement about whether *In re: Cellect* represents a change in the status quo. Based on this intervening change in the law—whether it is viewed as establishing a new rule or settling a previously murky question—the Court finds that Microsoft has not unduly delayed in seeking leave to amend to include an ODP defense.

### 3.3.2    Datanet will not be unduly prejudiced by Microsoft's amendments.

Prejudice exists if the non-moving party will face undue difficulty in prosecuting a lawsuit because of a change in tactics or theories on the part of the other party. *Wizards of the Coast LLC*, 309 F.R.D. at 652. "As a corollary, delay alone is not sufficient to establish prejudice, nor is a need for additional discovery." *Id.*

The parties contest who carries the burden of showing prejudice. Datanet argues it's Microsoft's burden to show it won't cause Datanet undue prejudice. Dkt. Nos. 52 at 7-8; 62 at 6 (citing Local Patent Rule 124). Microsoft, citing Rule 15, argues the burden lies with the non-movant. Dkt. No. 64 at 8. Because the Court analyzes Microsoft's motions under the Rule 15 standard, it finds Datanet must show prejudice.

Datanet argues it will face prejudice if Microsoft is allowed to inject a new invalidity theory on the eve of claim construction after the deadline for claim construction experts and discovery has closed. Dkt. Nos. 52 at 8; 62 at 6. Because

ORDER - 9

any alleged prejudice can be cured by amending the case schedule, and because delay standing alone cannot establish prejudice, the Court finds Datanet fails to establish that amendment would result in substantial prejudice.

### 3.3.3   Microsoft's proposed amendment is neither futile nor precluded by prior amendments.

Datanet has not argued Microsoft's proposed amendments to its invalidity contentions and affirmative defenses would be futile. Additionally, Microsoft has not previously amended its pleading. Accordingly, these factors favor amendment.

In summary, the Court finds all five Rule 15 factors favor amendment. Because leave to amend under Rule 15 constitutes good cause under Local Patent Rule 124, the Court grants Microsoft leave to amend its invalidity contentions.

## 4.   CONCLUSION

Accordingly, the Court DENIES without prejudice Microsoft's motion to stay pending *inter partes* review. If the PTAB institutes *inter partes* review, Microsoft can move to stay at that time. The Court GRANTS Microsoft's motions for leave to amend its invalidity contentions and its affirmative defenses and counter claims. The Court ORDERS Microsoft to serve its invalidity contentions upon Datanet and file its amended answer within ten days of this order. *See* Dkt. No. 57-1 at 2-51. The Court also ORDERS the parties to file a joint status report within 15 days of this order proposing a new case schedule that will allow further expert witness disclosures, claim construction discovery, and claim construction briefing, as necessary. The case schedule must reset the technology tutorial and *Markman*

hearing for dates after the PTAB is likely to decide whether to institute *inter partes* review sometime in April 2024.

Dated this 2nd day of February, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 11